IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-37-1H
No. 7:18-CV-137-H

LUCAS MARKS LETENDRE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #43]. The government filed a motion to dismiss, [DE #49], to which petitioner responded, [DE #54]. Petitioner also filed a motion for leave to expand the record, [DE #46]. The court hereby GRANTS the motion for leave to expand the record, [DE #46], and considers the contents herein. This matter is ripe for adjudication.

## BACKGROUND

On June 10, 2009, petitioner pled guilty pursuant to a written memorandum of plea agreement, to attempt to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2422(b) (Count One); and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Two). On December 9, 2009, the court sentenced petitioner to a total term of imprisonment of 235 months. Judgment was entered on December 11,

2009.  Petitioner, through counsel, timely filed a notice of appeal, and his appeal was dismissed for failure to prosecute on June 16, 2010.  [DE #41].

On July 27, 2018, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #43], arguing his appellate counsel failed to file an appeal and "failed to carry out his request to file a petition for writ [of] certiorari to the United States Supreme Court in violation of the Sixth Amendment of the United States Constitution."  [DE #43 at 4].[1]

## COURT'S DISCUSSION

The timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f).  The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[1] On June 11, 2018, petitioner also filed a motion to recall mandate arguing his appellate counsel failed to file a petition for writ of certiorari to the United States Supreme Court as requested by petitioner, and this motion was denied on June 12, 2018.  [No. 09-5205 DE #21 and #22].

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's judgment was entered on December 11, 2009. [DE #29]. Petitioner, through counsel, timely filed an appeal. [DE #30]. The Fourth Circuit Court of Appeals judgment, dismissing his appeal, was entered on June 16, 2010. [DE #41]. Therefore, petitioner's judgment became final when the 90-day period for filing a petition for a writ of certiorari expired following entry of the judgment of the Fourth Circuit Court of Appeals. Clay v. United States, 537 U.S. 522, 532 (2003); Supreme Court Rule 13(1). The court notes petitioner's § 2255 motion was not filed until July 27, 2018, more than six years after the judgment became final. Therefore, petitioner's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Petitioner argues his motion to vacate is timely under 28 U.S.C. § 2255(f)(4), as it was filed within one year of his discovering on June 5, 2018 that his attorney had not filed a notice of appeal or a petition for a writ of certiorari. [DE #43-1 at 2 and DE #54 at 3-4]. However, petitioner has not alleged facts to support his argument that he did not discover this until June 5, 2018. A notice of appeal was timely filed on December 18,

3

2009. [DE #30]. In his motion to vacate, petitioner stated "June 16, 2010, a letter was sent to me at jail notifying me that my appeal had been dismissed by the Fourth Circuit." [DE #43-1 at 2]. Therefore, petitioner's argument for timeliness pursuant to 28 U.S.C. § 2255(f)(4) is without merit.

Finding petitioner has not demonstrated timeliness under 28 U.S.C. § 2255(f)(1),(2),(3), or (4), petitioner's motion is untimely.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #49], is GRANTED. Petitioner's motion to expand the record, [DE #46], is GRANTED. Petitioner's motion to vacate, [DE #43], is DISMISSED. Petitioner's request for an evidentiary hearing and appointment of counsel are DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 16th day of June 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35